## EDGAR P. LEWIS & SONS, Inc., v. MARS, Inc.

### No. 2712.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1932.

Charles W. McDermott, of Boston, Mass., for appellant.

Hugh W. Ogden, of Boston, Mass. (William Furst, of Minneapolis, Minn., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

This is an appeal from a final decree, on a bill, taken pro confesso, alleging infringement of a duly recorded trade-mark for candy bars owned by the plaintiff, and also unfair competition in the candy bar trade. The bill was filed on October 27, 1930. A copy of the plaintiff's trade-mark with the legend "Reg. U. S. Pat. Office," is attached to the bill, as well as a copy of the defendant's infringing trade-mark "Constellation."

On April 24, 1931, an interlocutory decree was entered taking the bill pro confesso, granting the relief prayed for, enjoining the defendant, and providing for the appointment of a master to take an account of the defendant's profits and the plaintiff's damages. Such master was appointed on June 8, 1931. His report was filed on December 31, 1931. Various exceptions were filed to his report. These, on April 29, 1932, were all overruled except the ninth, which merely corrected an obvious mathematical error, and a final decree entered as follows:

"(4) That the brand 'Milky Way' as set forth in United States trademark certificate No. 196,182 is a good and valid trademark and has been and is now the sole and exclusive property of Mars, Incorporated, complainant herein; and that said complainant has the exclusive right to use said trademark upon candy bars.

"(5) That the defendant herein Edgar P. Lewis & Sons, Inc. has infringed said trademark certificate No. 196,182, and has violated complainant's rights in the premises by manufacturing and selling a candy bar under the name of 'Constellation,' said infringement being as to the design, kind, quality and printing of the wrapper of, as well as in and to the size, general appearance and texture of, Milky Way, a valid trademark of the complainant.

"(6) That the defendant herein has been guilty of unfair competition with the complainant by manufacturing and selling a candy bar resembling the complainant's candy bar Milky Way, a valid trademark of the complainant.

"(7) That the defendant, its employees, representatives, agents, privies and attorneys and each of them be and hereby are perpetually enjoined and restrained from advertising, marking, designating, shipping, displaying, manufacturing, selling and offering for sale, directly or indirectly, a bar of candy imitating or simulating in any way Milky Way and the defendant be and it hereby is ordered and commanded forthwith to cease using and to remove from all places all advertisements, signs, prints, labels, cartons, cabinets, boxes, wrappers, etc. marked or used in a manner tending or likely to infringe the injunction above awarded and decreed.

"(8) That the complainant herein shall recover of the defendant the profits in the amount of $228.48 realized from the manufacture and sale of a candy bar known as 'Constellation' in infringement of complain-

---

ant's United States Trademark Certificate No. 196,182.

"(9) That the complainant herein shall recover its costs to be taxed at $1,003.65."

The defendant appealed and brings the case here with thirty-eight assignments of error. Defendant's counsel files a brief over sixty pages in length; the plaintiff counters with a brief nearly fifty pages in length.

But, in the view we take, this case is in narrow compass. The only two points entitled to statement and brief discussion are appellant's contention of lack of jurisdiction under the Trade-Mark Act (15 USCA § 81 et seq.) and the expense for the accountant designated by the master.

Federal jurisdiction is grounded on diversity of citizenship, with an allegation of the requisite jurisdictional amount, together with facts alleged tending to support a claim for the amount. Moreover, an injunction protecting the plaintiff's right in its trademark "Milky Way," which it was using for annual sales of candy to the amount of $30,000,000, might well be found worth many times the jurisdictional amount of $3,000. The bill also alleges unfair competition and a duly recorded trade-mark under 28 USCA § 41 (7). The decree pro confesso establishes the truth of all the material allegations of the bill. Thomson v. Wooster, 114 U. S. 104, 5 S. Ct. 788, 29 L. Ed. 105; I. T. S. Rubber Co. v. Essex Rubber Co. (D. C.) 25 F.(2d) 180.

The learned District Judge found two grounds for federal jurisdiction: First, diversity of citizenship; second, under the trade-mark laws of the United States. This second ground requires that the infringement should be in interstate or foreign commerce. But if we doubtfully assume in the appellant's favor that there is no sufficient allegation of such infringement in interstate commerce, it does not help the defendant. The bill, taken pro confesso, plainly alleges a valid trade-mark, good at common law—as well as under the federal statute—and infringement thereof. It is immaterial whether the profits derived by the defendant from this wrongful use of the plaintiff's property were in interstate or intrastate trade. Infringement conclusively appears, and the master's report established $228.75 profits thus derived by defendant.

The costs of $1,003.65 are largely grounded upon the compensation of the master and the expense of $271 for the accountant. As the original sworn statement filed by the defendant under the master's properly issued order was, as the event proved, grossly inaccurate, and as the defendant apparently agreed to an audit of its books by a certified accountant—and at any rate extended to the accountant "every courtesy and facility to expedite this examination"—the objection to this item is groundless.

All of the assignments of error are without merit. The decision below must be affirmed.

The decree of the District Court is affirmed with costs to the appellee.